CHARLES C. LOGAN et al., Respondents, v. ARTHUR C. PRESSEL, Appellant.— In an action to declare the rights of the parties under a written agreement for the sale of a restaurant, in which the amended answer contained denials and pleaded three separate defenses erroneously numbered as the "second," "third" and "fourth" defenses, the defendant appeals from a resettled order of the Supreme Court, Westchester County, entered October 15, 1964, which: (1) granted the plaintiff's motion for summary judgment to the extent of striking out defendant's "first," "second" and "third" defenses; (2) denied defendant's cross motion for summary judgment; and (3) directed that "the issues to be determined at the trial [be] limited to those which have been raised" by the "fourth" defense. Order modified as follows: (1) by

deleting its first decretal paragraph; (2) by substituting therefor a new decretal paragraph granting plaintiff's motion to the extent of striking out defendant's "second" defense only, with leave to defendant to replead said defense; and (3) by deleting its third decretal paragraph. As so modified, order affirmed, without costs. The time of the defendant to serve a second amended answer in accordance herewith is extended until 30 days after entry of the order hereon. The amended answer, as presently drawn, purports to plead three defenses, labeled "Second," "Third" and "Fourth." There is, however, no "first" defense pleaded; and it appears that Special Term inadvertently characterized the *denials* in the amended answer as constituting a "first" defense. In our opinion, triable issues of fact are raised by the "Third" defense, which should be resolved upon a plenary trial. We are also of the opinion that the "second" defense is insufficient as pleaded, since the agreement at bar was not per se illegal on the date of its execution and on the date of the hearing before the State Liquor Authority merely because on those dates plaintiff Logan was the Police Commissioner of the Village of Tuckahoe. The agreement provided that said Logan was to obtain a liquor license for the subject premises within 10 weeks. That 10-week period had not yet expired when the hearing was held before the State Liquor Authority. Until the expiration of such period, Logan could have resigned from his position as Police Commissioner, and by so doing he would have made the agreement legally performable. On this record there would seem to be a triable issue as to whether in fact Logan did effectively resign before the expiration of the 10-week period. That fact issue, however, does not save the "second" defense, as pleaded, since (as above noted) it limits the alleged illegality to the date upon which the agreement was executed and to the date upon which the State Liquor Authority hearing was held. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.